FILED

NOT FOR PUBLICATION

NOV 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTIAN R. WILLIAMS,

Plaintiff - Appellant,

v.

COUNTY OF SAN MATEO and
SHERIFF OF SAN MATEO COUNTY,

Defendants - Appellees.

No. 08-17747

D.C. No. 5:03-cv-05158-RMW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Christian R. Williams, who is civilly committed in the State of California,

appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983

action alleging various constitutional violations against the County of San Mateo

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and the San Mateo Sheriff's Department (collectively, "the County"), including challenges to conditions of his confinement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm in part, vacate in part, and remand.

The district court examined Williams's various conditions of confinement claims under the Eighth Amendment deliberate indifference standard. Because Williams is civilly committed, and not a prisoner, the correct legal standard, as set out by this court in *Jones v. Blanas*, is that of substantive due process. 393 F.3d at 932 (holding a civil detainee under conditions similar to or more restrictive than the conditions imposed on criminal detainees constituted "punishment," and therefore violated the civil detainee's Fourteenth Amendment rights). In addition, neither the district court nor the County provided Williams with the information required under *Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir. 1998) (en banc). Further, contrary to defendants' argument, Williams's claims are not time barred because the applicable statute of limitations was tolled by California's equitable tolling doctrine. *See Jones*, 393 F.3d at 930. Because the district court applied the incorrect legal standard in granting the County's motion for summary judgment

and dismissing Williams's conditions of confinement claims, we vacate and remand for further proceedings consistent with this disposition.

The district court properly dismissed Williams's remaining claims because he failed to show that the injuries he suffered were the result of the County's failure to train or an official policy or custom. *See City of Canton v. Harris*, 489 U.S. 378, 385-87 (1978). We affirm as to these claims.

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**